■ In the Matter of ALEXANDRYIA M.B. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; HEATHER C., Appellant. [12 NYS3d 910]—Appeal from an order of the Family Court, Suffolk County (David Freundlich, J.), dated September 13, 2013. The order, insofar as appealed from, without a hearing, granted the petitioner's motion pursuant to Family Court Act § 1039-b (b) (6) for a finding that reasonable efforts to reunite the mother with the subject child were no longer required.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

A petitioning agency is required to make "diligent efforts" to encourage and strengthen the relationship between a neglected child and his or her parent (Social Services Law § 384-b [7] [a]). However, an agency is relieved of having to show those efforts in certain circumstances, such as when the parental rights of the subject parent with respect to a sibling have been involuntarily terminated (Family Ct Act § 1039-b [b] [6]). Here, the petitioner demonstrated that the mother's parental rights had already been terminated with respect to the subject child's half sibling and the mother failed to show that providing reasonable efforts to reunite her with the subject child would be in the child's best interests, not contrary to the child's health and safety, and likely to result in reunification of parent and child in the foreseeable future. Under the circumstances, the Family Court acted properly in relieving the petitioner of its obligation to make reasonable efforts to reunite the mother with the subject child (*see Matter of Skyler C. [Satima C.],* 106 AD3d 816 [2013]). Moreover, the court did not err in its allocation of the burdens of proof in reaching that determination (*see id.*). Nor did the court err in deciding the motion without a hearing inasmuch as the mother's answering papers did not establish that any genuine issue of fact existed (*see Matter of Harmony P. v Christopher Q.,* 95 AD3d 1608 [2012]).

The mother's remaining contention is without merit. Skelos, J.P., Leventhal, Hinds-Radix and Maltese, JJ., concur.